### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
#### LYNCHBURG DIVISION

| | | |
|---|---|---|
| **OKIE INTERNATIONAL CO., LTD.** | ) | |
| *Plaintiff,* | ) | |
| | ) | **CASE NO. 6:13-CV-00012** |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **OLD DOMINION FOOTWEAR, INC.,** | ) | |
| *Defendant.* | ) | |

This matter is before the court upon a motion to enforce the settlement agreement in this case filed by Plaintiff Okie International Co., Ltd. (docket no. 18). I find that Plaintiff is entitled to the unpaid $100,000 due under the terms of the settlement agreement, but is not entitled to an award of attorney's fees. Therefore, I will grant Plaintiff's motion in part and deny it in part.

### I. THE ENFORCEABILITY OF THE SETTLEMENT AGREEMENT

Plaintiff Okie International Co., Ltd. ("Plaintiff") filed their initial complaint against Defendant Old Dominion Footwear, Inc. ("Defendant") on January 29, 2013, alleging that Defendant executed a Demand Note in the amount of $246,742.49 in favor of Plaintiff, and that Defendant was obligated to pay that amount. Defendant initially answered that the Demand Note was unenforceable. On June 27, 2013, however, this court was advised that the case had settled, and on June 28, 2013, a dismissal order was entered, with this court retaining jurisdiction to enforce the terms of the settlement agreement. The agreement stated that Defendant would be obligated to pay to Plaintiff $215,742.79, nearly the entire amount of the Demand Note. Aff. in Supp. of Pl.'s Mot. to Enforce Settlement Agreement Ex. A 1 (docket no. 19). According to Plaintiff, Defendant has failed to pay $100,000 of the required amount. Aff. in Supp. of Pl.'s Mot. to Enforce Settlement Agreement 2 (docket no. 19). Defendant has not contested this allegation.

The Fourth Circuit adheres to a strong policy of fostering settlement to "advantage the parties and to conserve scarce judicial resources." *United States ex rel. McDermitt*, *Inc. v. Centex-Simpson Construction Co.* 34 F. Supp. 2d 397, 399 (N.D.W.V. 1999) (citing *Central Wesleyan College v. W. R. Grace & Co.*, 6 F.3d 177 (4th Cir. 1993)). Therefore, "a district court judge possesses 'the inherent authority to enforce a settlement agreement and to enter judgment based on an agreement." *Id.* (quoting *Petty v. The Timken Corp.*, 849 F.2d 130, 132 (4th Cir. 1988)). A settlement agreement may be vacated or declared unenforceable by the court, but only where the settlement agreement is "substantially unfair." *Petty*, 849 F.2d at 132-133. Because "a settlement agreement enjoys great favor with the courts, consequently, it is only in the most extraordinary circumstances that such a pact will be vacated." *Mungin v. Calmar Steamship Corp.*, 342 F. Supp. 484, 485 (D. Md. 1972); *see also Barham v. Am. Med. Link, Inc.*, 2010 U.S. Dist. LEXIS 118117, at \*5-8 (E.D. Va. 2010) (recommending applying these principles to enforce a settlement agreement). This court has declined to enforce a settlement agreement when a final agreement was not signed by both parties and when the parties were still negotiating over what terms would be incorporated into the final agreement. *See, e.g., Poly USA, Inc. v. Trex Co.*, 2006 U.S. Dist. LEXIS 8383 (W.D. Va. 2006).

Here, on the other hand, there is a definitive settlement agreement signed by both parties. *See* Aff. in Supp. of Pl.'s Mot. to Enforce Settlement Agreement Ex. A (docket no. 19). There appear to be no "extraordinary circumstances" or "substantially unfair" provisions that would justify declining to enforce the settlement agreement, and Defendant has not suggested any. Thus, insofar as Plaintiff's present motion requests that the settlement agreement be enforced, and under its terms that Plaintiff be awarded the unpaid $100,000, Plaintiff's motion is **GRANTED**.

## II. ATTORNEY'S FEES

Plaintiff's present motion also requests that this court award "reasonable attorney's fees and costs incurred in collecting payments due under the Settlement Agreement." Pl.'s Mot. to Enforce Settlement Agreement 2 (docket no. 18). In support of this request, Plaintiff simply notes that "Defendant has defaulted on the Settlement Agreement by failing to make required payments." *Id.*

The American Rule is generally followed when dealing with attorney's fees, and thus "each party bears its own costs unless statutory authority exists for an award of attorneys' fees or an exception to the rule applies." *Huttenstine v. Mast*, 537 F. Supp. 2d 795, 804 (E.D.N.C. 2008) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 245-47 (1975)). A district court may grant attorneys' fees to a winning party when the losing party has "acted in bad faith, vexatiously, or wantonly." *Alyeska*, 421 U.S. at 258. This remedy is reserved for "extraordinary circumstances" where a defendant's actions "were so egregious" that they warranted an exception to the general rule. *Hensley v. Alcon Labs*, 277 F.3d 535, 543 (4th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)); *see also Barham v. Am. Med. Link, Inc.*, 2010 U.S. Dist. LEXIS 118117, at *7-8 (E.D. Va. 2010) (recommending a denial of attorney's fees in the context of a motion to enforce a settlement agreement where malfeasance was alleged generally but specific egregious conduct was not alleged specifically).

Here, as in *Barham*, Plaintiff has alleged that Defendant failed to comply with the terms of the settlement agreement, but no specific egregious conduct was pointed to in order to suggest that Defendant "acted in bad faith, vexatiously, or wantonly." *Alyeska*, 421 U.S. at 258. Without such conduct, and with no statutory provision justifying an award of attorney's fees, I cannot find that there are "extraordinary circumstances" justifying a departure from the American Rule.

*Hensley*, 277 F.3d at 543. Thus, in regards to Plaintiff's request that this court award attorney's fees, Plaintiff's motion is **DENIED**.

## IV. CONCLUSION

I find that it is proper to enforce the settlement agreement and award Plaintiff the remaining settlement sum of $100,000. However, Plaintiff's request for attorney's fees will be denied. An appropriate order follows.

Entered this ⎯16th⎯ day of January, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE